### COMMERCIAL NATIONAL BANK OF TIFFIN v HALL et

Ohio Appeals, 7th Dist, Monroe Co

No 276. Decided Nov 22, 1933

Matz & Matz, Woodsfield, and Mr. Cole, for plaintiffs in error.

Charles W. Lynch, Pros. Atty., Woodsfield, and W. B. Moore, Woodsfield, for defendants in error.

**OPINION**

By ROBERTS, J.

It is the contention of the defendants in error, that the terms of this section apply to the instant case, and that it was the duty of the plaintiff to present its claim sued on in this case to the County Commissioners and if rejected by them, to prosecute its appeal to the Common Pleas Court within the stated time.

It is claimed on behalf of the plaintiff in error, compliance with this section just quoted, is optional in an action of the nature of the one under consideration and that it had the right under the common law, and the construction given by the courts to this effect, to bring its action primarily in the Court of Common Pleas as herein, and disregard the provisions of the statute. For a determination of this issue reference is now made to some of the decisions of the Supreme Court and the Court of Appeals of this State. First calling attention to the case of **Commissioners of Belmont County v Ziegelhofer, 38 Oh St page 523** in the opinion of the court by Judge Johnson on page 528-529 the court says:

"In the case at bar, the liability of the county, if any existed, was founded on, and arose out of a contract, and not by virtue of a statute creating such liability. The statute confers upon the commissioners, the power to contract with reference to the subject matter. In the exercise of this corporate power, they can create a liability against the county."

When such a contract is made within the scope of the authority conferred, the obligations arising therefrom, are to be determined by common law principles, in the absence of statutory provisions to the contrary. The right is not founded upon a statute, but on a contract made by a quasi corporation.

It is not of that nature that, but for the statute no right of action at common law would exist, on the claim. Hence it follows that the remedy by appeal is cumulative merely. In this respect, it differs from Shepard's Case, **8 Oh St** or **Gerke's** case, **26 Oh St.** In the former, but for the statute (28 & C. 1276) the recorder would have no claim for compensation for making a complete index. His right depended exclusively on the third section of the act of 1835, authorizing him to do the work, and giving him a right to such compensation as the commissioners should deem reasonable and just. The same is true of the latter case. Here the claim is founded upon contract, and grows out of the corporate liability of the county, for the official acts of the board of county commissioners. In this respect, the rights of persons contracting with the commissioners, and the liability of the county on their contracts, are of the same nature as the corporate liability of private corporations. In either case, the capacity to contract is derived from the statute, but the liability to others, arises from the acts of those authorized to bind the corporate body."

This case just quoted from, is a leading case of the State of Ohio upon the subject involved and has been cited with approval many times in later decisions of the Su-

preme Court and Court of Appeals of this State. In the case of **Staunton v Tax Commission, 114 Oh St 658**, Marshall, CJ, from the opinion on page 680 says:

"The foregoing cases are for the most part harmonious, and yet it is impossible to reconcile all of them. Whether or not the Court of Common Pleas is exercising judicial power depends, not upon the source of the controversy, but upon its character. The source of the controversy does not in any sense determine its character. If the proceedings involves a ministerial, executive, or political function, no legislative fiat can make it a matter of judicial cognizance, unless the agencies charged with performance of the function proceed in an unlawful manner. If, on the other hand, it involves a controversy over rights of person or property—that is to say, a matter of judicial cognizance—a court of competent jurisdiction is not deprived of that jurisdiction by the fact of some administrative agency having first made some determination of it. In such event it is not only competent for the Legislature to provide a judicial review, but it is its imperative duty to do so."

To the same effect is also case of **Manufacturing Appraisal Company v The Board of County Commissioners of Franklin County, 92 Oh St 179**, which in turn recognizes and approved the case of Commissioners v Ziegelhofer, supra.

To like effect is also **In Re: Claim Kendra v The Commissioners of Greene County, 82 Oh St 315**.

In the case of **Bollus-Metzgar.Co. v Board of County Commissioners of Pike County, 19 Oh Ap 36**, Judge Mauck in the opinion on page 37 says:

"The claimant, after the rejection of the claim, might have brought an action in court."

This case involved a similar transaction.

In the case of **In Re: Establishment of Boundary Line Between Willis Township and Center Township, 12 Oh Ap 173**, opinion by Judge Farr of this court, is a similar issue to the one under consideration and in which this court approved the case of County Commissioners of Belmont County v Ziegelhofer, say:

"A case well upon the point and fairly decisive of the issue in the instant case is Commissioners of Belmont County v Ziegelhofer, supra."

These cases cited, and many other reported cases, are in line with the Board of Commissioners of Belmont County v Ziegelhofer, supra.

From a consideration of these cases, and §§2460 and 2461 GC, it is apparent that there is a certain line of special proceedings where right of action is authorized by statute and based upon which must be presented to the County Commissioners as in said sections provided and if the claimant be dissatisfied with the decision, appeal must be taken within the specified time to the Court of Common Pleas.

The current of decisions is to the effect, as indicated by the citations herein made, that general actions involving contractual rights the provisions of the code, are not conclusive and such actions may be brought either under the provisions of these sections, or as other actions generally in any appropriate authorized court, and further that if such claims be presented to the County Commissioners, the right of appeal may be disregarded, and a new action brought as in the instant case in the Court of Common Pleas, and the court thereby acquires jurisdiction of the action.

It is not surprising, that a trial court would fall into error, for reason, that he was called upon to decide this unusual question without opportunity to examine and without citation of authorities.

This brings us to the conclusion, that the Court of Common Pleas did have jurisdiction to hear this action, and therefore, reversible error occurred in the sustaining of the motion to dismiss plaintiff's petition. For this error, the judgment of the Court of Common Pleas must be and is reversed and cause remanded.

FARR and POLLOCK, JJ, concur.